**Commonwealth v. Brophy**

*Kate Fee-Baird,* assistant district attorney, for Commonwealth.

*Michael A. Frisk Jr.,* for defendant.

HODGE, *J.,* January 10, 2011—In the instant matter, the defendant, Craig H. Brophy, has filed an omnibus motion for pretrial relief in the form of a motion to suppress evidence. The defendant is charged with one count of firearms not to be carried without a license (18 Pa.C.S. §6106). The

defendant contends that he was illegally detained, and as a result of the illegal detention, the commonwealth obtained evidence (in the form of a handgun located on his person) being used against the defendant in the prosecution of the above-stated charge.

A brief summary of the facts indicates that on December 4, 2009 state parole officer Brian Babusci was at the residence of Samuel Bartberger of 2638 Old Plank Road, New Castle, Pennsylvania. Parole Officer Babusci responded to this residence after being informed of a possible parole violation regarding Samuel Bartberger, Jr. for the unauthorized use of a motor vehicle. Samuel Bartberger was on parole during this period of time, and under the supervision of officer Babusci. Before the issue regarding the parole violation could be fully resolved, the defendant, Craig H. Brophy, arrived at the residence driving the motor vehicle alleged to have been taken without the owner's permission.

Parole Officer Babusci identified himself to the defendant, and informed the defendant that he may want to "stick around" because the Neshannock Township Police were probably going to want to question him regarding his use of the motor vehicle. A verbal argument quickly ensued between the defendant and Parole Officer Babusci, which led to Parole Officer Babusci requesting backup assistance from the Neshannock Township Police Department. Upon arrival, it was apparent to Officer Gramsky and Officer DeCarbo that Parole Officer Babusci was involved in a verbal altercation with the defendant. As Officer Gramsky and Officer DeCarbo began approaching the defendant,

the defendant turned to leave the area, at which time one of the officers instructed the defendant that he was not yet free to leave.

Officer Gramsky then informed the defendant that he was going to pat him (the defendant) down for safety and inquired as to whether there were any weapons on his (the defendant's) person. The defendant responded affirmatively, and told the police that a 9mm handgun was located in his front coat pocket. Officer Gramsky removed the handgun from the defendant's person. The handgun had a loaded clip containing eight shells. The handgun and clip were seized and placed into evidence. The handgun was registered to the defendant; however, he did not have a permit to carry a concealed weapon. On December 9, 2009 the defendant was charged with one count of firearms not to be carried without a license.

In his motion to suppress evidence, the defendant requests this court to suppress all evidence seized from his person and argues that Parole Officer Babusci detained him without the authority to do so. However the evidence presented at the hearing on defendant's suppression motion leads this court to conclude otherwise. Prior to the officers from the Neshannock Township Police Department arriving, Parole Officer Babusci properly identified himself to the defendant, as he told the defendant, "I advise you to stick around because the Neshannock Township Police are going to want to talk with you." The defendant replied to Parole Officer Babusci's comment that "he (Parole Officer Babusci) had no authority over him (the defendant)." It is clear

from the defendant's own comments that he knew Parole Officer Babusci could not legally force him to stay at the residence on Old Plank Road, yet the defendant, on his own free will chose to stay and initiate a verbal altercation with Parole Officer Babusci. The court finds that at this point, the defendant had not been illegally detained.

The next stage of this incident involved an interaction between the defendant and Officer Gramsky and Officer DeCarbo. Fourth amendment jurisprudence has led to three categories of interactions between police officers and private citizens. The Pennsylvania Supreme Court has identified these categories as follows: 1) a mere encounter, which need not be supported by any level of suspicion; 2) an investigative detention, which must be supported by reasonable suspicion, as it subjects an individual to a stop and brief detentions, but does not function as the equivalent of an arrest; and 3) a custodial detention, which requires probable cause. *Commonwealth v. Pakacki*, 587 Pa. 511, 518, 901 A.2d 983, 987 (Pa. 2006)(citing *Commonwealth v. Ellis*, 541 Pa. 285, 662 A.2d 1043 (Pa. 1995).

Interactions that result in a seizure taking place are classified as an investigative detention or a custodial detention. *Commonwealth v. Strickler*, 563 Pa. 47, 75, 757 A.2d 884, 899 (Pa. 2000). The main difference between the two interactions is that an investigatory detention merely subjects a citizen to stop and undergo a brief period of detention, when such a detention is supported by a reasonable suspicion that criminal activity is afoot. A custodial detention, however, is the functional equivalent of an arrest, and therefore, requires *Miranda* warnings.

*Id.*; *Pakacki*, 901 A.2d at 987.

In the case sub judice, the detention to which the defendant was subjected was a custodial detention, which was reasonable in nature as it was supported by probable cause. *Commonwealth v. Ellis*, 541 Pa. 285, 292-93, 662 A.2d 1043, 1047 (Pa. 1993). Officer Gramsky and Officer DeCarbo responded to Parole Officer Babusci's request for assistance and arrived at the residence believing that the issue regarding Samuel Bartberger, Jr. and possible unauthorized use of a motor vehicle was not yet resolved. Upon arrival, Officer Gramsky observed the defendant and Parole Officer Babusci engaged in a verbal confrontation. When Officer Gramsky began to approach the defendant, he turned and began to flee from the area. This caused Officer Gramsky to tell the defendant to stop and he was not yet free to leave. Accordingly, their reaction that the situation required further investigation was reasonable when you consider this factor along with their personal observations of the altercation between Parole Officer Babusci and the defendant.

Given the defendant's apparent agitated state and disruptive behavior, Officer Gramsky conducted a pat-down for his safety as well as the safety of other individuals present at the residence. If an officer observes conduct which causes him to believe that the individual may be armed and dangerous, he may pat down the detainee's outer garments for weapons, but such a search cannot be initiated without such belief. *Commonwealth v. E.M.*, 558 Pa. 16, 25, 735 A.2d 654, 659 (Pa. 1990). Officer Gramsky additionally informed the defendant as to why he was conducting a

pat-down and based the necessity of conducting the pat-down based on the defendant's own conduct and personal behavior. This interaction clearly constitutes a custodial detention, and is the very type of detention previously justified by the United States Supreme Court in *Terry v. Ohio*, 392 U.S. 1 (1968). The court's decision in *Terry* resulted in such a detention becoming commonly known as a *Terry* stop. During a *Terry* stop, an officer possesses a reasonable suspicion that criminal activity is afoot, and is thereby justified in briefly detaining a suspect so that he may further inquire as to the situation. *Commonwealth v. E.M.*, 558 Pa. 16, 25, 735 A.2d 654, 659 (Pa. 1990).

## ORDER OF COURT

And now, January 10, 2011, this case being before the court on January 3, 2011 for a hearing on defendant's motion to suppress evidence, with assistant district attorney Kate Fee-Baird, Esquire, appearing and representing the commonwealth, and Michael A. Frisk, Jr., Esquire, appearing and representing the defendant, the court finds and it is hereby ordered and decreed as follows:

1. The defendant's motion to suppress evidence is denied pursuant to the attached opinion.

2. This case shall be placed on the February 2011 criminal trial list.

3. The clerk of courts shall properly service notice of this order and attached opinion upon counsel of record.